Whyte, J.
delivered the opinion of the . court.
The principal question presented' on this record, and the one on which the cause turns is, whether the paper writing in the record exhibited, purporting to be a registered copy of a conveyance of 10,000 acres of land, made by Elijah Robertson to Stokely Donelson, bearing date the 7th July, 1792, and registered the 2d July, 1793, is such a registered copy of a conveyance of land,' as to be received in evidence in a court of justice in this state, under the 8th section of the act of assembly of 1809,'ch. 14, and the other acts of assembly on the same subject matter.
In this paper writing, purporting to be the registered copy of a deed of conveyance, there is no registration of the probate by witnesses, or acknowledgment by the grantor of the original deed, nor any notice taken therein'of any probate or acknowledgment whatever. It is nevertheless contended for the plaintiff, and this section is relied upon to prove it, that any instrument having the form of a deed for. the conveyance of land, and purporting to be a registered copy of a deed, from the proper Register’s book or hooks, shall be received as evidence, independent of any proof of probate or acknowledgment of execution by the grantor, or vendor; and that the present registered copy *89 was incorrectly excluded from being read as evidence, on the hearing in the court of chancery below.
As the argument is principally bottomed on this 8th section, it will be first noticed by the' court; only observing here, that in the construction of a statute, it is a rule, that the consideration of all statutes in pari materia, or in other words, that are made on the same or like subject matter, are to be attended to in forming that construction.
This 8th section of the act of 1809, ch. 14, says, “that from and after the passing of this act, the copy of any deed for the conveyance of land, or power of attorney, certified in the usual form by any county Register within this state to be a copy from his register’s book or books, shall be received as evidence by any court of justice within this state, though it should not appear by such copy, that the probate had been registered with the original deed, the copy of which is so offered: provided, nevertheless, that the court to which such copy is offered as evidence, shall be satisfied that the original deed or power of attorney is not in the power or possession of the person offering to use such copy as evidence; and provided also, that such deed shall have been registered in the Register’s' office of the county, in which hy law it was required to he registered.”
Taking a general view of the whole of this 8th section, there appears nothing in it upon a fair construction of all its parts taken together, to warrant the deduction made and assumed by the plaintiff’s argument. A short analysis of the section will produce the like conclusion. It consists of three clauses, or members. The first says, “the copy of any deed for the conveyance of land, certified in the usual form by any county Register, to be a copy from his Register’s book, shall be received as evidence by any court of justice, though It should not appear by such copy, that the probate had *90 been registered with the original deed.” Now, what is the plain and fair import of this member of the section, as regards the probate, which is acknowledged to be the onus of it. It is simply this, that the registered copy of a deed may be read, although it does not appear by such copy that the probate had been registered with it at the same time. This is not saying that such deeds may be read in evidence in any court of this state, although there should be no probate by witnesses, or .acknowledgment by the vendor. Neither is it saying that the probate, &c. need not be registered, which is expressly required by the act of 1803, ch. 10, sec. 2. Neither is it saying that the probate shall not be made to appear to be registered at some time subsequent to the registry of the original deed, as is authorized and directed by the acts of 1806, ch. 40, sec. 123 and 4, and 1807, ch. 62. All these different cases may, and no doubt do, partially exist; but this clause does not cover them, and say, that in each of these cases respectively, the registered copy of the deed of conveyance may be read in evidence, without proving the necessary additional facts required by law to make it legally competent evidence, as in the case of no probate, without proving the original deed to he a genuine deed by the witness or witnessesto its execution; or in the case of a probate, without proving that probate by a record of it, which substantiates its genuineness, as being the result of an inquiry and examination into the legality of its execution, by a competent authority prescribed by the law for that purpose; or in the case of a registered probate, without proving it by a copy of the registration from the Register’s book, which implies genuineness. This act of 1809, ch. 14, sec. 8, excuses the non-production of such other evidence, in none of those cases; and where they exist, they must be proved by the legal means prescribed by law, in ad- *91 ration to the registered copy of the body of the conveyance, as accumulative proofs thereto. This clause only applies to the single case specified in it; that is, where the registered copy does not show that the probate was registered with the original deed; for this defect it shall not he rejected, if sufficient proof is otherwise made in the case; that is, a registered copy of the probate, registered subsequently to the registration of the body of the conveyance.
The second clause or member of this 8th section, corroborates and supports the constructions now given to the first. It shows, that the legislature, so far from losing sight of the genuineness of a deed in the first clause, by permitting the registered copy to he received in evidence, though it should not appear by such copy, that the probate, which is prima facie proof of genuineness, had been registered with the original deed, imposes it as a condition by this second clause, that the court shall be satisfied that the original deed is not in the power or possession of the party offering to use such copy. Why is this condition of the second clause annexed to the privilege given by the first clause, thereby making the latter dependent on the former? The answer is, for the best of all reasons; for the preservation and advancement of public justice. You shall not be permitted to use secondary evidence, if the best evidence is in your possession or power. If you cannot produce the common law evidence of the deed of conveyance itself in court, and prove it by the subscribing witnesses on the trial, and satisfy the court of this fact, then you shall be permitted to use the secondary or statutory evidence of a registered copy of the probate or acknowledgment, made before a court, or a judge, although the registration of that probate, or acknowledgment, did not accompany the registration of the deed, but was made after or subsequent to the registration of the deed.
*92 The third clause adds a second condition to the al- . lowance of the privilege given m the first clause, it requires, “that such deed shall have been registered in the Register’s office of the county in which, by law, it was required to he registered.” The legislature in prescribing this locality for the registration of the original deed, again manifests its concern for the genuineness of the original, the purported copy of which it permits in the instance stated to he used; and therefore, by anticipation, for the prevention of frauds and practising with spurious instruments, causing prejudice and loss to the rightful owners in particular, and disturbance to society in general, have selected a vicinage the most likely to acquire and possess information relative to the disposition of the lands so purported to be conveyed; thus adding another preventive measure to the perfecting a fraud, through the instrumentality and under the sanction of a court of justice.
It has been argued, that the probate and the registration are two distinct acts, and that the one may exist without the other; and therefore, the legislature having said in this 8th section, that the registered copy of the conveyance may he read, without its appearing thereby that the probate had been registered with the original deed, evidently shows their intention, that such registered copy, by itself, is proper evidence to show a transfer of property. To this it is answered, that it is true, that the probate or acknowledgment of a deed is a distinct and separate act from the registration of the same deed; and that in point of fact, a paper writing, purporting to be a deed, may be spread upon the Register’s book without the sanction of a probate, and assume to be a copy of an original deed, of which the present case furnishes an instance; but in law, by our acts of assembly, there can be no registered copy of an original, received in evidence *93 without a probate registered; either registered with the original deed, or registered subsequently thereto. These two acts of á registered probate and a registered deed, constitute a registered copy, such as can only be received in a court of justice to be read as evidence of a conveyance; thus, though in form two acts, yet in effect one act, making a co-existent unity to produce effect and validity.
The counsel for the plaintiff, following up the idea of the probate of the deed, and the registration of the deed, as being ⅞ two distinct and separate acts, has taken a view of them as links of the same chain of title; and upon this aspect has raised an argumenten the principles of equity, that where a party has a legal right, and a part of the evidence thereof is lost and cannot be found, this court will supply the defect or loss, by inferring from circumstances his title, and give him relief; hence it is said, the probate that is wanting in the present case, may be inferred from the lapse.of time, and the registration of the body of the conveyance, 'and Jeremy’s Equity Jurisdiction, 360, &c. is cited in support of this view. But this course will not avail the plaintiff on the present occasion, as the same authority requires, for the purpose of supplying the evidence of the lost instrument, that the plaintiff must, in order to obtain the interference of the court, prove to its satisfaction, by other means, the original existence and the loss or casual destruction, with the purport of its contents. But no evidence to this effect, as to the probate, exists in this record. If it had ever existed, it must have been made either before a judge or a court; if the former, it would have been necessarily indorsed on the conveyance, and its registration accompanied that of the registration of the conveyance. If the latter, arecordjof it would have been made in the court, an attested copy of which, upon ap *94 plication, could be procured at any time. But the proof in the cause shows, that alter the most diligent searcn, no such record is to be found; from which it follows, that any inference of its once existence is wholly repudiated.
Again: It is argued, for the purpose’of supplying the defect'of a want of a probate, that the register is the judge whether probate was made or not of the original deed or conveyance; and in the present case, the Register having registered, implies his having acted on the probate as being his authority for registration, although the probate does not now appear. The argument on this point has mistaken the powers of the Register; his office is ministerial, not judicial. If the record of a probate, either with or without the deed of conveyance to which it belongs, is offered to him for registration, he has no judicial duty to exercise, hut a ministerial act to perform. It is true, he is presumed to have a knowledge sufficient for the proper and correct execution of his official duty, and to be able to distinguish whether a genuine record or a spurious record of a probate or acknowledgment, is offered to him for registration. But whether the paper offered purports to be a probate before court, or a probate before a judge .out of court, the certificate of the clerk of the court in a former case, and that of the judge in the latter, is his, the Register’s authority, for the exercise of his official functions alone. He acts upon the certificate only; he has no power over the probate or acknowledgment, to judge and determine whether that is valid or invalid; or as having diverged from, or as having pursued the directions of the acts of assembly, delegating the special authority to take the probate or acknowledgment, and prescribing , the manner in which it shall be done; and although the special authority so conferred upon a court, or upon a judge not sitting as a court, *95 may not have been pursued in the manner prescribed, and so appears upon the face of the proceeding, that is, upon the probate, and the Register sees and knows it to be so, and therefore void, yet he is not permitted to see and know this officially, but must act upon and be guided and governed by the certificate, which, if good, he must register, though the probate be bad, and vice versa, if the probate is good and the certificate is bad, he is not authorized to register. In the case before the court, there is neither probate or certificate.
This court therefore affirms the decree of the chancellor.
Decree affirmed.